Steven R. **PRESTASH,**
Plaintiff-Appellant,

v.

**CITY OF LEADVILLE and records custodian; Fred H. Van Pelt, Chief of the Leadville Police Department, Defendants-Appellees.**

No. 84CA0822.

Colorado Court of Appeals,
Div. III.

Sept. 12, 1985.

Rehearing Denied Oct. 24, 1985.

Certiorari Denied (Prestash)
March 10, 1986.

Steven R. Prestash, pro se.

Cosgriff, Dunn & Berry, Timothy H. Berry, Leadville, for defendants-appellees.

METZGER, Judge.

Steven R. Prestash appeals *pro se* from the order of the trial court granting him only partial access to certain investigatory records of the Leadville Police Department in accordance with the Colorado Criminal Justice Records Act, § 24–72–301 et seq., C.R.S. (1982 Repl.Vol. 10). We affirm.

On February 1, 1984, Prestash delivered a letter to the Leadville Police Department requesting disclosure of "all and any documents, records, tapes, or testimony in which Linda and Doyle Darley have mentioned my name or referred to my person." The chief of police, by letter dated the same date, responded by informing Prestash that his request had been referred to the district and city attorneys for action. On February 6, the Leadville City Attorney by letter declined the request "on the grounds that such inspection would be contrary to the public interest because the

requested information constitutes 'intelligence' information and, further, that the requested information is part of an ongoing investigation."

On March 6, 1984, Prestash filed an application with the district court pursuant to § 24–72–305, C.R.S. (1982 Rep.Vol. 10) seeking an order directing disclosure of the records. At a hearing held April 6, 1984, the trial court determined the only material pertinent to Prestash's request was an audio tape of a police interview with the Darleys and related incident reports. Following an *in camera* review of the tape out of the presence of the parties, counsel, and witnesses, the court ordered that Prestash was only entitled to a written transcript of those portions of the tape relating to him but excised of references to any other person.

Prestash contends the court erred in failing to permit full access to the tape. We do not agree.

The court found that the tape can reasonably be classified as "police intelligence made upon volunteered information concerning drug usage and trafficking," and that the informants' statements thus became the basis for an internal police investigation. The court further found that the police had a legitimate interest in avoiding disclosure of investigations of potential criminal conduct not ripe for prosecution.

Section 24–72–305(5), C.R.S. (1982 Repl. Vol. 10) expressly exempts disclosure of police intelligence information or police investigatory files. The district court's findings are fully supported by the record, and the court properly denied Prestash's request for complete disclosure of the tape.

We have reviewed Prestash's other numerous allegations of error and find them to be without merit.

Order affirmed.

BERMAN and TURSI, JJ., concur.