Jesse **JOHNSON,** Plaintiff–Appellant,

v.

**COLORADO DEPARTMENT OF CORRECTIONS and Robert Cantwell,**

**Defendants–Appellees.**

*No.* 97CA0394.

Colorado Court of Appeals, Div. I.

June 25, 1998.

Rehearing Denied Aug. 13, 1998.

Certiorari Denied March 1, 1999.

Vonda G. Hall, Denver, Colorado, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Thomas S. Parchman, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees

Opinion by Judge KAPELKE.

In this action under the open records statutes, plaintiff, Jesse Johnson, an employee of the Department of Corrections (DOC), appeals from the trial court judgment denying his request for an order requiring the disclosure of certain investigatory reports pertaining to him. He requests such disclosure by the defendants, DOC and Robert Cantwell, who is the Inspector General of the DOC and the custodian of the records at issue. We affirm.

It is undisputed that plaintiff was the subject of an internal affairs investigation conducted by the Inspector General's office and that he was aware of that fact. On February 15, 1996, while reviewing what he believed to be his personnel file at the correctional facility in Delta, plaintiff came across an interim investigative report. This report was not generally maintained in this file and was thereafter returned to the Inspector General's office. Plaintiff's requests for copies of these records were denied by the DOC.

Plaintiff then filed this action in the district court seeking an order requiring that the investigatory records be disclosed to him under alternative provisions of the open records statutes. Specifically, plaintiff sought copies of the "investigative report and related documents" as "public records" within his "personnel file" pursuant to § 24–72–204(5), C.R.S.1997, of the Colorado Open Records Act or, alternatively, as "criminal justice rec-

ords" pursuant to § 24–72–305(7), C.R.S. 1997, of the Criminal Justice Records Act.

Following an evidentiary hearing, the trial court denied plaintiff's request for disclosure. The court ruled that these records constituted "criminal justice records" governed by the provisions of the Criminal Justice Records Act. Based on the evidence presented, the court further found that the requested investigative records had been erroneously placed in the "working file" reviewed by plaintiff, and that they had not in fact been in plaintiff's official "personnel file."

The court further ruled that the DOC had properly denied access to these criminal justice investigative records on the ground that their disclosure would be "contrary to the public interest." This appeal followed.

## I.

■ We first reject plaintiff's contention that the requested investigative records did not constitute "criminal justice records" governed by the Criminal Justice Records Act.

The definition of "public records" in the Colorado Open Records Act specifically excludes "criminal justice records" that are subject to the provisions of the Criminal Justice Records Act. See § 24–72–202(6)(b)(I), C.R.S.1997. The Criminal Justice Records Act, in turn, defines the term "criminal justice records" as all types of records "which are made, maintained, or kept by any criminal justice agency in the state for use in the exercise of functions required or authorized by law or administrative rule." Section 24–72–302(4), C.R.S.1997.

Plaintiff concedes that the DOC is such a "criminal justice agency." See § 24–72–302(3), C.R.S.1997. Contrary to plaintiff's argument, we agree with the trial court that the investigative records at issue are properly classified as "criminal justice records" under § 24–72–302(4) because they were made and maintained in the exercise of an authorized function of the DOC governed by administrative regulations.

The internal affairs investigation of plaintiff by the Inspector General's office was conducted in accordance with Department of Corrections Regulation 1150–4 (1986), which governed the DOC's internal investigations of allegations of employee misconduct. See also §§ 17–1–103 & 17–1–105, C.R.S.1997 (duties and powers of DOC executive director).

Further, under this regulation, the records of all internal affairs investigations "shall be classified as criminal justice records/investigative files, not public records, and handled as confidential and in accord with 24–72–305, C.R.S." DOC Regulation 1150–4 § 9(h) (1986). See also :Prestash v. Leadville, 715 P.2d 1272 (Colo.App.1985) (certain investigatory records of police department classified as criminal justice records).

■ We also perceive no error in the trial court's rejection of plaintiff's claim that the investigative records at issue were subject to disclosure as a part of his "personnel file."

■ In this regard, there is evidentiary support for the trial court's determination that these records had been mistakenly placed in the "working file" reviewed by plaintiff. This factual determination will not be disturbed on review. Further, the fact that records are placed in a personnel file is not dispositive of the statutory disclosure issues. Rather, the pertinent question is whether the records were in fact personnel records and, thus, properly contained in the personnel file. See Denver Publishing Co. v. University of Colorado, 812 P.2d 682 (Colo. App.1990) (documents not shielded from disclosure by placement in personnel file).

As the trial court noted, the applicable regulations provide that such interim investigative reports are to be kept confidential and maintained in the Inspector General's office. See DOC Regulation 1150–4 §§ 7(i) & 9 (1986); see also State Personnel Director Regulation P1–5–2, 4 Code Colo. Reg. 801–2 (contents of "official personnel file"). Therefore, the reports were not personnel records and should not have been placed in plaintiff's personnel file.

## II.

■ We also reject plaintiff's contention that the trial court erred in denying disclosure of the investigative records under the

standards of the Criminal Justice Records Act.

Initially, we note that the subject criminal justice records do not involve "official actions" of the DOC as defined in the Criminal Justice Records Act. *See* § 24–72–302(7), C.R.S.1997. Thus, contrary to plaintiff's argument, such records are generally subject to disclosure only at the discretion of their official custodian. *See* § 24–72–304(1), C.R.S.1997.

 Custodians of criminal justice records are specifically authorized to deny access to certain records on the ground that disclosure would be "contrary to the public interest." The authority to deny such access extends to any "investigatory files" compiled for any "law enforcement purpose." Section 24–72–305(5), C.R.S.1997; *see also* § 24–72–204(2)(a)(I), C.R.S.1997 (similar provisions in Open Records Act).

Nevertheless, in district court actions in which the disclosure of criminal justice records is sought, the court must order such disclosure unless it "finds that the denial of inspection was proper." Section 24–72–305(7), C.R.S.1997.

Here, the trial court found that the denial of access to the subject investigative records was proper because the disclosure of such records to plaintiff would be contrary to the public interest. The trial court determined that such ongoing internal affairs investigations could be "substantially hampered" by the disclosure of such interim materials. In so ruling, the court credited the testimony indicating that reporting parties and witnesses could be subject to "harassment and intimidation" if their names and the contents of their statements had to be revealed. *See also* DOC Regulation 1150–4 (1986). The risk of such harassment and intimidation, coupled with the preliminary nature of the investigatory report here, support the determination that disclosure would be contrary to the public interest.

The trial court's factual findings are supported by the evidentiary record, and the denial of the requested disclosure was proper under the circumstances here. *See Prestash v. Leadville, supra* (upholding trial court's ruling denying request for complete disclosure of certain investigative records under Criminal Justice Records Act); *see also* § 24–72–305(5).

In light of our disposition of the issues discussed above, we need not address the remaining contentions of the parties.

The judgment is affirmed.

METZGER and JONES, JJ., concur.